ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| WALLYS MARTÍNEZ PINEDO<br><br>Recurrido<br><br>v.<br><br>MUNDO SOLAR, INC.<br><br>Recurrente | KLRA202400495 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos Del Consumidor<br><br>Querella Núm.: PON-2024-0005223<br><br>Sobre: Compraventa de Vehículo de Motor |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 27 de enero de 2025.

Este Recurso de *Revisión Administrativa* fue presentado el 5 de septiembre de 2024 por Mundo Solar Inc. (en adelante, Recurrente). En este, solicita que revisemos y revoquemos una *Resolución* por el Departamento de Asuntos del Consumidor (DACO), emitida el 30 de agosto de 2024, y notificada el 6 de agosto de 2024. Mediante esta, DACO ordenó a la Recurrente cambiar una batería a Wallys Martínez Pinedo (en adelante, Recurrido), o en su defecto, pagarle la cantidad de $4,900.00, en un término improrrogable de veinte (20) días.

Por los fundamentos que exponemos, confirmamos el dictamen recurrido.

## I.

El 10 de julio de 2021, el Recurrido pagó $4,900.00 a la Recurrente por una batería *Infinity Lithium* de 10 kilos. La Recurrente ofreció treinta (30) días de garantía en la tienda por

desperfectos de fábrica, y nueve (9) años y medio con el manufacturero, según sus términos y condiciones. Después de transportar la batería en su vehículo, el Recurrido contrató a un perito electricista para que la instalara, según los parámetros correctos y exigidos para ese equipo.

El 8 de diciembre de 2023, el Recurrido llevó la batería a las facilidades de la Recurrente porque el sistema dejó de funcionar. Allí, el Recurrido fue atendido por el técnico de la Recurrente, quien fue la única persona con la cual se comunicó con relación al mal funcionamiento de la batería. El técnico certificó que la batería no funcionaba y le ofreció cambiársela por una nueva. No obstante, el Recurrido no aceptó, debido a que había que hacer unas gestiones con el manufacturero de China. El Recurrido desconocía que el manufacturero estaba localizado en China hasta ese momento. Además, el Recurrido tampoco accedió a firmar un documento donde ratificaba que el equipo había sido instalado bajo los parámetros correctos, porque el mencionado documento debía ser completado por el perito que instaló la batería y no le fue entregado al momento en que compró la batería.

A través de WhatsApp, el Recurrido se comunicó con el técnico de la Recurrente y con el manufacturero de China. El 7 de marzo de 2024, reclamó al manufacturero que llevaba esperando más de tres meses por que la Recurrente arreglara la batería. A su vez, el 22 de marzo de 2024, el técnico de la Recurrente le informó al Recurrido que once (11) celdas de la batería serían reemplazadas por el manufacturero, y que estaba en espera que las enviaran a las facilidades en Puerto Rico.

El 29 de abril de 2024, el Recurrido presentó una querella en DACO por servicio insatisfactorio e incumplimiento de garantía. Solicitó que la Recurrente honrara los términos iniciales de la

garantía, y que le arreglaran la batería en los próximos seis (6) meses. En su defecto, exigió que le devolvieran el dinero. Por su parte, la Recurrente y entonces querellada nunca contestó la querella.

Con el objetivo de dilucidar la querella, DACO celebró una vista administrativa el 3 de julio de 2024. En esta, el Recurrido testificó al momento de la compra, entendió, que todo lo relacionado a la garantía, se trabajaría desde las facilidades de la Recurrente. Arguyó que desconocía que el manufacturero estaba localizado en China, y que, si lo hubiera sabido, no hubiese comprado la batería. A pesar de que la Recurrente presentó un documento titulado "Warranty Letter", donde se especificaban los términos de la garantía y la localización del manufacturero, este no se le brindó al Recurrido al momento de la compra.

También se examinó un anuncio en las redes sociales en el que la Recurrente se anuncia como "Solar Energy Company". Dicho anuncio indica que la venta de batería de litio tiene diez (10) años de garantía, y que la Recurrente está capacitada por el manufacturero para reparar baterías de litio, específicamente como la que compró el Recurrido.

Por su parte, el presidente de Mundo Solar testificó que el técnico de la Recurrente revisó la batería y encontró problemas en las celdas, a consecuencia de una mala programación o instalación. Así las cosas, se le solicitó al Recurrido complementar un documento que sería utilizado para hacer la reclamación al manufacturero. El testigo indicó que un técnico certificado debía llenar el mencionado documento para poder abrir una reclamación con el manufacturero. No obstante, el presidente desconocía de la comunicación que tuvo el Recurrido con el manufacturero en China.

Al momento de la vista administrativa, la batería en cuestión continuaba sin arreglar en las facilidades de la Recurrente.

El 30 de julio de 2024, DACO dictó y notificó la *Resolución* recurrida. En esta ordenó a la Recurrente que cambiara la batería por la misma o una de igual calidad, o en su defecto, que le pagara al Recurrido la cantidad de $4,900.00.

Insatisfecha, la Recurrente acudió ante este Tribunal de Apelaciones y expuso los siguientes señalamientos de error:

A. Erró el DACO al concluir que se perfeccionó un contrato de servicios entre el querellante y el querellado, cuando solo se compró una batería sin instalación, ni servicio.

B. Erró el DACO al interpretar el reglamento de anuncios engañosos sobre el contrato habido entre las partes, entiéndase la factura.

C. Erró el DACO en el análisis de los hechos y la adjudicación del derecho.

Así las cosas, el 4 de octubre de 2024, la Recurrente solicitó cinco (5) días para someter una transcripción de prueba oral vertida en el caso de epígrafe. El 8 de octubre de 2024, ordenamos al Recurrente notificar dicha transcripción a la parte recurrida, dentro de un término de cinco (5) días. Además, otorgamos una serie de términos para llevar a cabo ciertos trámites procesales que culminarían con el perfeccionamiento del recurso ante nos. Posteriormente, el 25 de octubre de 2024, emitimos una *Resolución* donde reiteramos los términos de los procesos mencionados.

Tras varios incidentes procesales, el 20 de diciembre de 2024, emitimos *Resolución*. A pesar de haber concedido un término para que la Recurrente sometiera la referida transcripción, cursaron los términos otorgados y nunca se sometió la misma. Así, ordenamos a la parte recurrida a presentar su

posición en torno al presente recurso, en o antes del 8 de enero de 2025.

Transcurrido el término concedido, el Recurrido no presentó su alegato. Habiéndose perfeccionado el recurso para su adjudicación, resolvemos.

**II**

**A.**

Es norma reiterada que los tribunales apelativos debemos conceder deferencia a las determinaciones de las agencias administrativas, por razón de la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado. Hernández Feliciano v. Mun. Quebradillas, 211 DPR 99, 114 (2023); Rolón Martínez v. Supte. Policía, 201 DPR 26, 35 (2018); Torres Rivera v. Policía de PR, 196 DPR 606, 626 (2016). Estos dictámenes cuentan con una presunción de legalidad y corrección que subsiste mientras no se produzca suficiente prueba para derrotarla. OEG v. Martínez Giraud, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación et al., 204 DPR 581, 591 (2020); Torres Rivera v. Policía de PR, *supra*, pág. 626; Batista, Nobbe v. Jta. Directores, 185 DPR 206, 215 (2012).

Para así lograrlo, corresponde a la parte que las cuestiona "demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba presentada que tuvo ante su consideración." Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 128 (2019); Camacho Torres v. AAFET, 168 DPR 66, 91 (2006).

Por tanto, la parte que impugna judicialmente las determinaciones de hechos de una agencia administrativa tiene el

peso de la prueba para demostrar que estas no están basadas en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. OEG v. Martínez Giraud, *supra*; OCS v. Universal, 187 DPR 164, 178-179 (2012); González Segarra v. CFSE, 188 DPR 252, 276-278 (2013). Así, pues, evidencia sustancial ha sido definida jurisprudencialmente como aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. OEG v. Martínez Giraud, *supra*; Batista, Nobbe v. Jta. Directores, *supra*, pág. 216. Así, el criterio rector en estos casos siempre estará guiado por la razonabilidad de la determinación administrativa luego de considerar el expediente administrativo en su totalidad. OEG v. Martínez Giraud, *supra*.

En cuanto a las conclusiones de derecho estas serán revisables en todos sus aspectos por el tribunal. Véase Sec. 4.5 de la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675, (en adelante, LPAU); Hernández Feliciano v. Mun. Quebradillas, *supra*; ECP Incorporated v. OCS, 205 DPR 268, 281-282 (2020). Se descartará el criterio de los entes administrativos cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". Hernández Feliciano v. Mun. Quebradillas, *supra*; Capó Cruz v. Jta. Planificación et al., *supra*, pág. 591; Rolón Martínez v. Supte. Policía, *supra*. Por ende, se ha señalado que "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". Rolón Martínez v. Supte. Policía, *supra*; Torres Rivera v. Policía de PR, *supra*, pág. 657. Aun en casos dudosos en que la interpretación de la agencia no sea la única razonable, la determinación de la agencia merece deferencia sustancial. JP, Plaza Santa Isabel v. Cordero Badillo, 177 DPR

177,187 (2009); De Jesús v. Depto. Servicios Sociales, 123 DPR 407, 417-418 (1989).

Para esta encomienda de la revisión judicial, la Sec. 4.5 de la LPAU, *supra*, dispone que los tribunales se ceñirán a evaluar (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si se sostienen las conclusiones de derecho realizadas por la agencia. Hernández Feliciano v. Mun. Quebradillas, *supra*, pág. 115; Moreno Lorenzo y otros v. Depto. Fam., 207 DPR 833, 839-840 (2021); Capó Cruz v. Jta. Planificación et al., *supra*.

Así pues, la deferencia a la determinación de una agencia administrativa cederá cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. Hernández Feliciano v. Mun. Quebradillas, *supra*; Torres Rivera v. Policía de PR, *supra*, pág. 628.

**B.**

La Ley Núm. 5 del 23 de abril de 1973, según enmendada, conocida como Ley Orgánica del Departamento de Asuntos del Consumidor, [DACO] 3 LPRA sec. 341, et seq., estableció en la agencia una estructura de adjudicación administrativa "con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho". 3 LPRA sec. 341e(d); Ortiz Rolón v. Soler Auto Sales,

Inc., 202 DPR 689, 696 (2019); Amieiro González v. Pinnacle Real Estate, 173 DPR 363, 372 (2008).

Para cumplir su encomienda, el DACO cuenta con un personal profesional y técnico altamente competente encargado de vindicar los derechos del consumidor de una forma agresiva y firme. Ortiz Rolón v. Soler Auto Sales, Inc., *supra*; Ayala Hernández v. Consejo Titulares, 190 DPR 547, 563 (2014); Exposición de Motivos de la Ley del DACO, 3 LPRA sec. 341b.

El DACO ostenta jurisdicción para atender querellas relacionadas a garantías de bienes y servicios. La Regla 5(Q) del "Reglamento contra Prácticas y Anuncios Engañosos", Reglamento Núm. 8599 de DACO, define *garantía* como el:

> "documento impreso o escrito en materiales perdurables, entiéndase tinta y papel permanente, que garanticen la preservación de la información impresa por un término mayor de un (1) año o por el término que se extienda la garantía del bien adquirido o servicio, lo que sea mayor, afirmando la idoneidad y calidad de los bienes vendidos o de los servicios rendidos a los consumidores, que emita un comerciante y donde media un compromiso de reembolso, reparación, sustitución o cualquier otro remedio adecuado para corregir las fallas, defectos o deficiencias que hayan identificado en esos bienes o servicios durante un término específico a través del comerciante o del manufacturero del producto."

A su vez, la Regla 7 del Reglamento Núm. 8599 dispone que se prohíben las prácticas y anuncios engañosos. En específico, la Regla 7(B)(17) establece que el no expedir una garantía por escrito, sobre bienes vendidos, cuando tales bienes tienen garantía, constituye una práctica prohibida.

Pertinente a la controversia ante nos, la Regla 22 del Reglamento Núm. 8599 de DACO, establece que:

> A. Toda garantía que se otorgue o venda sobre un producto o servicio, sea la original del fabricante o los servicios de reparación ofrecidos mediante los contratos de servicio, conforme a la Ley Núm. 392 del 8 de septiembre de 2000, deberán constar en un documento que establezca claramente sus términos y condiciones.

B. Todo anuncio que exprese que un bien o servicio tiene garantía, especificará los términos y condiciones de la misma. Antes de la venta, el consumidor podrá inspeccionar el texto de la garantía, el cual estará disponible en el lugar donde se vende el bien o servicio.

…

D. Todo anuncio que reclame que se obtendrán beneficios mediante la adquisición de un bien o servicio, establecerá clara y adecuadamente la forma cómo responderá el comerciante en caso de que el consumidor no obtenga tal beneficio. En su defecto, quedará obligado el comerciante fi-ente al consumidor por el beneficio no recibido.

…

F. El comerciante entregará al consumidor el certificado de garantía simultáneamente con la entrega del bien o la prestación del servicio.

… (énfasis suplido)

En cuanto a la política de devolución de bienes, la Regla 28 del aludido Reglamento dispone que el comerciante no podrá negarse a la devolución del precio pagado por el consumidor cuando el bien vendido: 1) adolezca de algún defecto; 2) no cumpla con las representaciones que fueron divulgadas y que motivaron al consumidor a contratar con un comerciante; y 3) no sirva para el propósito para el cual fue adquirido; o cuando en el proceso de contratación o durante la vigencia de la garantía se incumple con las disposiciones de este Reglamento.

A la luz de la mencionada normativa, evaluamos.

**III.**

La Recurrente señala que DACO incidió al interpretar el Reglamento de Anuncios Engañosos sobre el contrato habido entre esta y el Recurrido. En consecuencia, reclama que declare *Ha Lugar* el presente recurso y revoque la determinación dispuesta por DACO. Procedemos a evaluar.

Surge de los documentos ante nuestra consideración, que DACO realizó una vista administrativa en donde recibió los testimonios de ambas partes. Durante la vista, DACO pudo determinar que la Recurrente vendió la batería de litio al Recurrido, sin expedir una garantía por escrito al momento de compra. No fue hasta que el Recurrido solicitó la garantía, más de dos años después de haber comprado la batería, que la Recurrente le entregó los documentos pertinentes. Basándose en los hallazgos encontrados, DACO determinó que la Recurrente no cumplió con el Reglamento contra Prácticas y Anuncios Engañosos.

La determinación de DACO está directamente relacionada a los testimonios esbozados durante la vista en cuanto a la garantía. Esto es, el Recurrido testificó que lo que entendió relacionado a la garantía era que todo se trabajaría desde las facilidades de la Recurrente, y que, si hubiera sabido que el manufacturero se encontraba en China, no hubiese comprado la batería. En el anuncio de la Recurrente en las redes sociales, se mercadeaba que la venta de batería de litio tenía diez (10) años de garantía, y que la Recurrente estaba capacitada por el manufacturero para repararla. Dicha confusión surge a raíz de que no se le entregaron los términos y condiciones de la garantía al Recurrido cuando se efectuó la compraventa. Es decir, a pesar de que la factura de la transacción hizo alusión a que la garantía es con el manufacturero, según sus términos y condiciones, esto no constituye una garantía para efectos del Reglamento contra Prácticas y Anuncios Engañosos.

Según el Reglamento citado, la Recurrente era responsable de entregar el "Warranty Letter", donde se especificaban los términos de la garantía y la localización del manufacturero, al

momento en que se llevó a cabo la compraventa de la batería. El no hacerlo es una práctica prohibida por DACO. El Recurrido tenía derecho a inspeccionar los términos y condiciones de la garantía simultáneamente con la entrega de la batería. No obstante, ese no fue el caso. Precisamente, por la omisión de la Recurrente al no entregar los términos y condiciones de la garantía al Recurrido, es que surge la controversia ante nos.

La Recurrente no logró demostrar que la determinación realizada por DACO no está apoyada por evidencia sustancial que consta en el expediente administrativo. Tampoco logró establecer que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia que fue evaluada y sopesada por DACO. Además, a pesar de que concedimos un término para que la Recurrente sometiera la transcripción oral de la vista ante DACO, la referida prueba oral nunca fue sometida.

Así, en ausencia de evidencia de que DACO: (1) no fundamentó su decisión en evidencia sustancial; (2) erró en la aplicación e interpretación de sus leyes o reglamentos; (3) actuó arbitrariamente, irrazonablemente, ilegalmente o sin base racional o (4) lesionó derechos constitucionales fundamentales, estamos obligados a honrar su deferencia.

## IV.

Por los fundamentos ante expuestos, se confirma la resolución recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones